FILED

JUL 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Nelson R. Aybar
Plaintiff, pro se
Reg.- 32208-054
N.E. Ohio Correctional Center
2240 Hubbard road
Youngstown, Ohio 44505

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*-------------------------------------------*
                                             )
NELSON R. AYBAR,                             )        **COMPLAINT**
                                             )
        Plaintiff,                           )   Civil Action No.:
                                             )      Civ. _____ (    )
        Vs.                                  )
                                             )   Case: 1:07-cv-01243
GEORGE W. BUSH, in his official capacity     )   Assigned To : Unassigned
as President of the United States of         )   Assign. Date : 7/11/2007
America[**White House, 1600 Pennsylvania     )   Description: Pro Se Gen. Civil
Ave. , Washington, D.C. 20066**], along with )
his successors, agents, servants, employees, )
and attorneys;                               )
                                             )
ALBERTO GONZALES, in his official capacity   )   Seeking For
as Attorney General of the United States of  )   Injunctive Relief
America[**U.S. Department of Justice,         )
Constitution Ave., 9th & 10th Streets,       )
Washington, D.C. 20530**], along with his    )
successors, agents, servants, employees,     )
and attorneys;                               )
                                             )
JOHN P. WALTERS, in his official capacity     )   28 U.S.C. §2201
as Director of the Drug Enforcement          )   Declaratory Judgment
Administration[**Drug Enforcement Adminis-   )
tration, Washington, D.C. 20537**], along    )
with his successors, agents, servants,       )
employees, and attorneys,                    )
                                             )
        Defendants.                          )
                                             )
*-------------------------------------------*

-----------------------------------------------------
      [PROPOSED] First Complaint Seeking For
      Injunctive Relief And Declaratory Judgment
      For Violation Of The United States Consti-
      tution(5th Amendment), Due To The Uncons-
      titutional Enforcement As-It-Applied Of
      Both Sections 841(b)(1)(A)(ii)(II) And 846
      Of Title 21 Of The United States Code
-----------------------------------------------------

RECEIVED

JUN 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## TABLE OF CONTENTS

   I. Introduction ............................... 1-2

  II. Complaint .................................. 2-3

 III. Jurisdiction and Venue ...................... 3

  IV. Parties .................................... 3-5

   V. Background Allegations ...................... 5-8

  VI. First Cause of Action
      Violation of Fifth Amendment,
      Deprivation of Liberty ...................... 8-10

 VII. Second Cause of Action
      Injunction .................................. 10

VIII. Third Cause of Action
      Declaratory Judgment ........................ 10-11

  IX. Prayer for Relief ........................... 11

     Certificate of Service ......................

[1]

INTRODUCTION

Nelson R. Aybar, endorses as his the followings transcendental judicial statements:

It is a fundamental principle that every American - regarless of race, color, or creed, regarless of their ethnic background - when we are living in this country, those sacred constitutional principles will protect us, no matter whom we are and no matter whom our accusers are, no matter how powerful they may be - we are within the protection of the constitution of the United States of America.

Everyone, Aybar says, is bound by the same law. "Rich, poor, powerful, weak, law enforcement officer, private citizen." And Aybar affirms, if we blind our eyes or we condone the defiance of law by those in authority, regardless whom they are, regardless of who they work for, if we condone that violation of law, then we forfeit our credibility as citizens to preach law and order to rest of society.

In the instant case, Aybar's constitutional rights has been vio- lated. It is well known that men born to freedom are naturally alert to repel invasion of their liberty by evil-minded rulers. The greatest dangers to liberty lurk in insidious encroachment by men of zeal, well- meaning but without understanding. When the government, having full knowledge, sought, through the Department of Justice, to avail itself of the fruits of these unconstituional acts in order to accomplish its own ends, it assumed moral responsibility for the officers' violations.

To declare that in the administration of the criminal law the end justifies the means - to declare that the law enforcement officers may commit constitutional rights violations in order to secure the convic-

[2]

tion of a private criminal - would bring terrible retribution.

In today's world, law enforcement officers comportment denigrates the values of individual autonomy and dignity central to many constitutional rights, specially those 4th, 5th, and 6th amendments rights that come into play in the American society.

Finally, Aybar would like to point out that a "federal court cannot condone shoddy law enforcement constitutional work" in the name of the war on drugs for each federal court is committed to the principle of justice for each individual.

## II. COMPLAINT

Plaintiff, Nelson R. Aybar, thorough himself, complains against the defendants and alleges as follows:

1.      This is a civil action against George W. Bush, President of the United States of America, Alberto Gonzales, Attorney General of the United States of America and John P. Walters, Director of the Drug Enforcement Administration, whom participated in the unconstitutional enforcement of the Title 21 U.S.C. §§841(b)(1)(A)(ii)(II) and 846.

2.      Plaintiff seeks injunctive relief and declaratory judgment arising from the defendants George W. Bush, Alberto Gonzales, and John P. Walters unconstitutional application of the Title 21 U.S.C. §§ 841(b)(1)(A)(ii)(II) and 846 depriving the plaintiff of his freedom illegally.

3.      This civil action seeks to prevent and redress the deprivation of the rights, privileges and immunities secured by the U.S. Constitution and the amendments thereto and the laws of the United States, and

[3]

common law principles, and to obtain injunctive relief and declara-

tory judgment caused by the defendants in so violation those rights,

laws and principles.

4.      Plaintiff brings the following claims:

      I. First Cause Of Action
         Violation of 5th amendment substantive
         due process; deprivation of liberty –
         by the unconstitutional enforcement
         of Title 21 U.S.C. §§841(b)(1)(A)(ii)
         (II) and 846.

     II. Injunctive Relief by the Plaintiff
        against all defendants.

    III. Declaratory Judgment by the Plaintiff
         against all the defendants.

### III. JURISDICTION
### AND
### VENUE

5.     This court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. §1331 insofar as a substantial question of fe-

deral law is involved arising under the U.S. Constitution, in parti-

cular the Fifth amendment thereto.

6.     Venue is proper in this judicial district pursuant to 28 U.S.

C. §1391 and D.C. Code, Ed. §§13-422, 13-423 insofar as it is the ju-

dicial  district in which the defendants are acting in their official

capacity, their offices location are in Washington D.C., and a substan-

tial part of the events or omissions giving rise to the claim ocurred.

7.      This court also has jurisdiction to hear a statute constitutio-

nal attack pursuant to Fed. Rules of Civil Proc. Rule 5.1.

8.      There is no amount in controversy.

### IV. PARTIES

9.    Plaintiff, Nelson R. Aybar, is a permanent legal resident of the

[4]

United States of America, residing in the State of New York, and the City of New York. Plaintiff is currently under federal custody at N.E. Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio 44505. He will hereinafter be referred to individually as "Aybar."

10.    The defendant George W. Bush, is an employee of the U.S. Government as the President of the United States, and as a President he has the constitutioanl responsibility to "take care that the law be faithfully executed." President George W. Bush, as a President, has in the words of the constitution, sworn that he "will faithfully execute the office of President of the United States, and will to the best of [his] ability, preserve, protect and defend the constitution of the United States." This is a solemns undertaking, a binding of the person to the cause of constitutional Government, an expression of the individual's allegiance to the principles embodied in that document.

He will hereinafter be referred to individually as "Bush."

11.    The defendant Alberto Gonzales, is an employee of the U.S. Government, as the Attorney General of the United States, as a cabinet member he is considered a citizen of the District of Columbia when acting in his official capacity. Alberto Gonzales, as the Attorney General of the United States of America has the constitutional responsibility to "take care that the law be faithfully executed." Alberto Gonzales, by delegation of powers has the same Bush's constitutional duties.

He will hereinafter be referred to individually as "Gonzales."

12.    The defendant John P. Walters, is an employee of the U.S. Government, Director of the Drug Enforcement Administration, an agency under

[5]

the jurisdiction of the Department of Justice of the United States of America. John P. Walters, as Director of the Drug Enfrocement Administration has the constitutional responsibility to "take care that the law be faithfully executed." John P. Walters, by delegation of powers has the same Bush's constitutional duties.

He will hereinafter be referred to individually as "Walters."

13.    Bush, Gonzales, and Walters will hereinafter be referred to collectively as "The defendants." ~~See Cert. of Service for addresses~~

14.    The defendants may be legally responsible for the acts and omissions of the other defendants under recognized legal theories. In doing the acts and in failing and omitting to act as hereafter alleged, the defendants were acting in their official capacities as employees of the United States government, and within the course and scope of such employment.

V. BACKGROUND ALLEGATIONS

15.    In 1970, Congress passed the Controlled Substance Act, 21 U.S.C. §801, et seq., as part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L.No. 91-513, 84 Stat. 1236.

16.    Congress found that "[t]he illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect of the health and general welfare of the American people." 21 U.S.C. §801(2).

17.    With the enactment of CSA, Congress promulgated the Section 841(b)(1)(A)(ii)(II) in which the intention of Congress was to punish criminal defendants for a "mixture or substance containing a detectable amount of ... narcotics."

[6]

18.    On Nov. 12, 1993, a jury returned a verdict of guilty against
Aybar for conspiracy to distribute cocaine in violation of 21 U.S.C.
§846.

19.    On Oct. 19, 1995, the sentencing court imposed a 235-months sen-
tenced contrary to the mandate of Section 841(b)(1)(A)(ii)(II) that
a defendant must be sentence for a determined amount of a "mixture or
substance containing a detectable amount of ... drugs."

20.    The fact that there was "no" one milligram of a "mixture or subs-
tance containing a detectable amount of cocaine" as required by the
plain language of the statute and the intent of Congress before the
sentencing court could impose a sentence, failed to deter the court
from imposing a sentence in this case even though the intent of Congress
is implicit in its language in the statute.

21.    The defendants in arresting, prosecuting, and imprisonment Aybar
were full aware that they has neither alleged nor proven the diversion
of so much as "one" milligram of cocaine out of the respectable amount
of 250-kilograms of cocaine to "users" within any state, territory, or
possession of the United States of America.

22.    The defendants failed to meet the requirements of the statute;
[5] kilograms of a mixture or substance containing a detectable amount
of cocaine; the sentencing court was without the requisite subject-
matter-jurisdiction necessary for the court to impose a term of incar-
ceration upon Aybar in the case at bar.

23.    Therefore, Section 841(b)(1)(A)(ii)(II) had been unconstitutional
enforced by the defendants.

[7]

24.   Being concluded that Section 841(b) had been unconstitutional
enforced in the instant matter, what the defendants have left the
"intent-of-the-parties."

25.   An agreement is tantamount to a contract and a contract contains
the intent-of-the-parties and such an intent have been the main basis
for the defendants to enforces both Section 841(b) and 846.

25.   It is well settled that "every law enacted by Congress must be
based on one or more of its powers enumerated in the Constitution."

26.   Aybar contends neither the Commerce Clause nor any other cons-
titutional provision gives Congress the power to regulated the "intent-
of-the-mind."

27.   Aybar asserts that Congress lacks the authority to prohibit - or
allow the DEA to prohibit practices that are wholly a "state-of-mind",
therefore, the Commerce Clause does not apply to Aybar's mental intent
having no economic impact on interstate, intrastate and/or foreign
commerce.

28.   The assertions in point 27 is supported by several U.S. Supreme
Court's Commerce Clause jurisprudential decisions.

29.   Aybar entrenched himself and contends that the CSA contains no
finding, whatsoever, by Congress that the "intent-of-the-parties" subs-
tantially affects interstate, intrastate and/or foreign commerce.
Congress in adopting the CSA did not intend to extend the Act's reach
so far. The Act's findings deal with the impact of the interstate market
in controlled substances and the effects of drug abuses,  not  the
"intent-of-the-parties" mental state.

[8]

30.    Aybar summarizes succintly, the U.S. Supreme Court's holding that the intent does not affect commerce and could not be regulated by Congress pursuant to the Commerce Clause remains sound today.

31.    The defendants are confronted with the undeniable fact that the U.S. Supreme Court have rejected the notion that an individual intent has impact on the commerce arena. Hence, this assertion is supported by numerous U.S. Supreme Court's Commerce Clause decisions.

32.    Aybar in this case has a fundamental right to be free from the defendants's police power due to the unconstitutional enforcement as-it-applied of both Sections 841(b) and 846.

33.    Aybar, finally, contends that the unconstitutional enforcement as-it-applied of both Sections 841(b)(1)(A)(ii)(II) and 846 are contrary to:

                    *  Expressio Unius Est Exclusio Alterious
                       Doctrine;
                    *  The Will of Congress;
                    *  The Rule of Statutory Construction;
                    *  The Wisdom of the U.S. Supreme Court;
                    *  The Wisdom of the U.S. Sentencing
                       Commission;
                    *  The Wisdom of the 5th Circuit Court;
                    *  The Wisdom of the 9th Circuit Court;
                    *  The Wisdom of the Commerce Clause; and
                    *  The Human Decency, Reason, Human Justice,
                       and the Dictate of Common Sense.

                    VI. FIRST CAUSE OF ACTION
                        VIOLATION OF FIFTH AMENDMENT,
                        DEPRIVATION OF LIBERTY

34.    Aybar repeat and reallege paragraphs 1-33.

35.    At all times relevant to the allegations of this civil action, each and every act alleged herein was done by and in the name of the United States of America by the defendants, under the color and pretenses of the statutes, laws, regulations, customs and usages of the United States of America.

[9]

36.    Aybar's conviction and sentence was executed in a particularly unconstitutional and offensive manner, and his liberty was seized in excess of that which was authorized by the statutes, to wit: 21 U.S.C. §§841(b)(1)(A)(ii)(II) and 846.

37.    Because of above recited facts, the defendants, under the color and pretenses of the statutes, laws, regulations, customs, and usages of the United States, deprived Aybar of his rights, privileges and immunities secured to him by the United States Constitution, including, but not limited to,

> * Aybar's right not to be deprived
> of life, liberty and privacy without
> Due Process of law; and

> * Aybar's right to Due Process of law.

38.    The actions of each defendant violated Aybar's clearly established statutory and constitutional rights of which a reasonable government's official of the U.S. Department of Justice would have known.

39.    The actions of each defendant impeded and hindered the course of justice with the intent to deny Aybar of his rights, privileges and immunities secured to him by the United States Constitution.

40.    Because of the above-recited acts and omissions, the defendants, under the color of federal law and statutes, ordinances, regulations, customs, and usages of the United States, deprived Aybar of his rights, privileges and immunities secured to him by the United States Constitution, the right not to be deprived of life, liberty and privacy without substantive Due Process of law.

41.    As a result and proximate result of the outrageous and wrongful acts of each of the defendants, Aybar suffered extreme indignities and

[10]

humiliation, severe emotional and physical distress, pain and suffe-

ring, mental anguish, loss of standing in the community, and have

been help up to ridicule before his peers.

### VII. SECOND CAUSE OF ACTION
### INJUNCTION

42.   Aybar realleges the allegations of paragraphs 1 through 33 herein-

above and incorporate them by this reference as though fully set forth

herein.

43.   The actions of the defendants jointly and severally, entitles

Aybar to:

> * A "reparative injunction" to prevents future
>   harmful effects of past acts, and requires the
>   defendants to restore Aybar to pre-existing
>   condition to which Aybar is entitled.

> * A "preliminary injunction" against the enforce-
>   ment of the criminal statutes to wit: 21 U.S.C.
>   §§841(b)(1)(A)(ii)(II) and 846 as-it-applied,
>   where the statutes allegedly are unconstitutio-
>   nal and the defendants are exceeding and abusing
>   their authority.

> * A "permanent injunction" because it is
>   beyond contestation that the defendants
>   had unconstitutional enforced the statu-
>   tes 21 U.S.C. §§841(B)(1)(A)(ii)(II) and
>   846 and Aybar has already prove actual
>   success on the merits.

44.   Therefore, injunctions are available in an action challenging

the constitutionality of a legislative act and the carrying out the

enforcement of its provisions. A federal court may enjoy state/federal

offcials from enforcing an unconstitutional statute.

### VIII. THIRD CAUSE OF ACTION
### DECLARATORY JUDGMENT

45.   Aybar realleges the allegations of paragraphs 1 through 33 herein-

above and incorporate them by this reference as though fully set forth

herein.

[11]

46.    A declaration pursuant to 28 U.S.C. §2201 that the defendants

each of them, violated Aybar's Fifth amedment constitutional rights

to be free from unconstitutional application of the statutes 21 U.S.C.

§§841(b)(1)(A)(ii)(II) and 846 in violation of Aybar's Due Process

rights to life, liberty, and privacy as is prohibited by the Fifth

amendment of the United States Constitution.

47.    **A JUDGMENT DECLARING THE ILLEGALITY AND UNCONSTITUTIONALITY**

**OF THE ENFORCEMENT PROVISIONS IN 21 U.S.C. §§841(b)(1)(A)(ii)(II)**

**AND 846 EMPLOYED IN THE INSTANT SITUATION IS NECESSARY TO PROTECT**

**THE CITIZENS OF THE UNITED STATES OF AMERICA, INCLUDING AYBAR, TO**

**AVOID FUTURE IRREPARABLE HARM AND INJURY.**

## IX. PRAYER FOR RELIEF

A.        Declare that the Title 21 U.S.C. §§841(b)(1)(A)(ii)
          (II) and 846 are unconstitutional as-it-applied;

B.        Reparative, preliminary and permanent injunction
          enjoin the defendants from enforcing the above-
          noted provisions; and

C.        Grant Aybar such other and further relief as the
          Court deems just and proper.

RESPECTFULLY SUBMITTED,

Dated: JUNE 12, 2007          BY: _____
       Youngstown, Ohio           NELSON R. AYBAR
                                  Plaintiff, pro se
                                  Reg.- 32208-054
                                  N.E. Ohio Correctional Center
                                  2240 Hubbard Road
                                  Youngstown, Ohio 44505

## CERTIFICATE OF FILING

I HEREBY DECLARE pursuant to 28 U.S.C.A. §1746, an original and true and correct copies of the foregoing Complaint, Forma Pauperis Application, and Notice Of Constitutional Question were filed with this Court's Clerk by prepaid first class U.S. mail in sealed enve-lope addressed to:

        NANCY MAYER-WHITTINGTON
        Office of the Clerk
        UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF COLUMBIA
        U.S. Courthouse
        Third & Constitution Ave., N.W.
        Washington, D.C. 20001

by placing them in the mailing system of CCA-NEOCC, Youngstown, Ohio 44505-3157, on _JUNE 12_____, 2007, pursuant to Houston v. Lack, 487 U.S. 266, 270 (1988).

BY: _____
        NELSON R. AYBAR
        Plaintiff, pro se
        Reg.# 32208-054
        N.E. Ohio Correctional Center
        2240 Hubbard Road
        Youngstown, Ohio 44505-3157

Nelson R. Aybar
Plaintiff, pro se
Reg.- 32208-054
N.E. Ohio Correctional Center
2240 Hubbard road
Youngstown, Ohio 44505

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*---------------------------------------------*

NELSON R. AYBAR,                               )
                                               )
          Plaintiff,                           )     Civil Action No.:
                                               )     _____ Civ. _____ (    )
     Vs.                                       )
                                               )
GEORGE W. BUSH, in his official capacity       )     Judge: _____
as President of the United States of           )
America [**White House, 1600 Pennsylvania      )
Ave. , Washington, D.C. 20066**], along with   )
his successors, agents, servants, employees,   )
and attorneys;                                 )
                                               )
ALBERTO GONZALES, in his official capacity      )     Seeking For
as Attorney General of the United States of    )     Injunctive Relief
America [**U.S. Department of Justice,         )
Constitution Ave., 9th & 10th Streets,         )
Washington, D.C. 20530**], along with his      )
successors, agents, servants, employees,       )
and attorneys;                                 )
                                               )
JOHN P. WALTERS, in his official capacity       )     28 U.S.C. §2201
as Director of the Drug Enforcement            )     Declaratory Judgment
Administration [**Drug Enforcement Adminis-    )
tration, Washington, D.C. 20537**], along       )
with his successors, agents, servants,         )
employees, and attorneys,                      )
                                               )
          Defendants.                          )
*---------------------------------------------*

07 1243

FILED

JUL 11 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

----------------------------------------------------
NOTICE OF CONSTITUTIONAL QUESTION
----------------------------------------------------

TO THE HONORABLE ATTORNEY GENERAL OF THE UNITED STATES:

     Please take notice, that the **Federal Rules of Civil Procedure,**

**Rule 5.1** requires the plaintiff who is drawing in question the cons-

titutionality of a federal ... statute to file a **"Notice Of Constitu-**

[2]

tional Question" and serve it on the Attorney General of the United

States of America.

For the forestated, plaintiff will moves to the United States

District Court for the District of Columbia for a determination as

to:

> (1) Whether the Section 841(b)(1)(A)(ii)(II)
> of the Title 21 of the United States Code
> **[21 U.S.C. §841(b)(1)(A)(ii)(II)]** had been
> unconstitutional enforced as-it-applied
> for the failure of the government to pro-
> duce a **"detectable amount of a mixture or
> substance containing cocaine"** as required
> by the specific intent of Congress and in
> light of the U.S. Supreme Court in **<u>Chapman
> v. United States</u>, 500 U.S. 453, 111 S.Ct.
> 1919 (1991)**?

The plaintiff will be able to proof the above question in affir-

mative, and then, he will continue his constitutional challenge for a

determination as to:

> (2) Whether a "drug conspiracy" in which
> a **"detectable amount of a mixture or
> substance  containing  cocaine"  is
> absent,** the "intent-of-the-parties"
> could be regulated pursuant to the
> Commerce Clause?

The plaintiff would be able to proof the second question  in

negative in light of the United States Supreme Court's Commerce Clause

jurisprudential decisions in **<u>Coe v. Town of Errol</u>, 116 U.S. 517 (1886)**;

**<u>Kidd v. Pearson</u>, 128 U.S. 1 (1888)**; **<u>United States v. E. C. Knight Co.</u>,**

**156 U.S. 1 (1895)**; and **<u>Carter v. Carter Coal Co.</u>, 298 U.S. 301, 56**

**S.Ct. 855 (1936)**. The **Carter** Court reaffirmed the **<u>Coe</u>, <u>Kidd</u>, <u>Knight</u>,**

supra, in which was held that:

[3]

"[t]that the **INTENT**[1] of the manufacturer did not determine the time when the article or product passed from the control of the state and belonged to commerce."

RESPECTFULLY SUBMITTED,

Dated: ___June 12___, 2007        BY _____
       Youngstown, Ohio                 NELSON R. AYBAR

c.c. Proposed complaint attached.

---

**Fn. 1** The "intent" means, among other things, a "state of mind." A state of mind of a regular person it is an intangible and cannot have an effect on commerce. However, here in the United States of America, we have an exception to the general rule. **Alan Greenspan and/or Ben Bernanke** -Chairman of the United States Federal Reserve System - can send financial markets around the world crashing with a comment, or build fortunes just as quickly. By the way of example, when **Greenspan** seemingly innocuous comment about the sky-high stock markets **-"how do we know when irrational exuberance has unduly escalated asset values?"** - hit global wires, world markets immediately plunged as much as 5% percent. See **The Greenspan Effect**, by: David B. Sicilia and Jeffrey L. Cruikshank.

It had been said, "when Alan  Greenspan speaks, the world commerce tremble." However, quite differently, **"when Aybar speaks, the snitches at once call the U.S. Attorney Office!"**

It is a truism, Aybar's words and/or personal knowledge about anything cannot has an effect on commerce!

## CERTIFICATE OF SERVICE

I HEREBY DECLARE pursuant to 28 U.S.C.A. §1746, a copy of the foregoing Complaint, Forma Pauperis Application, and Notice of Constitutional Question were mailed by prepaid first class U.S. mail in sealed envelope addressed to:

        Alberto Gonzales
        Attorney General of the
        United States of America
        UNITED STATES DEPARTMENT OF JUSTICE
        Constitution Ave.
        9th & 10th Streets
        Washington, D.C. 20530

by placing them in the mailing system of CCA-NEOCC, Youngstown, Ohio 44505-3157, on ___JUNE 12___, 2007, pursuant to Houston v. Lack, 487 U.S. 266, 270 (1988).

BY: _____
    NELSON R. AYBAR
    Plaintiff, pro se
    Reg.# 32208-054
    N.E. Ohio Correctional Center
    2240 Hubbard Road
    Youngstown, Ohio 44505-3157