Nelson R. Aybar
Plaintiff/pro se
Reg.#32208-054
N.E. Ohio Correctional Center
2240 Hubbard Road
Youngstown, Ohio 44505

**RECEIVED**

JUL 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-----------------------------------
                                    )
NELSON R. AYBAR,                    )
                                    )
          Plaintiff,                )     Case No.:
                                    )     07-Civ-1243
      v.                            )
                                    )     Judge:
GEORGE W. BUSH, et al.,             )
                                    )
          Defendants.               )
                                    )
-----------------------------------

-------------------------------------------------------
     MOTION FOR RECONSIDERATION OF A CIVIL ACTION
     TRANSFERED TO THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

TO THE HONORABLE COURT:

> "The U.S. Supreme Court long ago
> recognized, there is inherent in
> the courts of equity a jurisdic-
> tion to give effect to the policy
> of the LEGISLATURE." **Mitchell v.**
> **Robert Demario Jewelry, Inc.**, 361
> **U.S. 288, 292, 80 S.Ct. 332, 335**
> **(1960).** And even More, "judges have
> a constitutional duty to uphold the
> Constitution." **Marbury v. Madison**,
> **5 U.S. 137, 178 (1803).**

And now comes, **NELSON R. AYBAR**, ("Plaintiff") through himself
and moves to this Honorable Court with a motion for reconsideration
of a civil action transfered by this court to the United States Dis-
trict Court for the Southern District of New York. This current mo-
tion is submitted pursuant to Fed.R.Civ.P. 59(e).

[2]

## I.  FACTUAL BACKGROUND

On Jun. 12, 2007, Plaintiff filed with the clerk of the court a civil action against George W. Bush, et al., complaining that the Title 21 U.S.C. §§841,846 had been unconstitutional enforced as-it-applied against him.

On Jun. 29, 2007, the district court ordered that the case is transfered to the United States District Court for the Southern District of New York. The district court stated that since Plaintiff alleges that the federal drug statute under he was convicted is unconstitutional, a federal prisoner who makes a collateral challenge to his conviction or sentence must file a motion pursuant to 28 U.S.C. §2255. Consequently, this court is without jurisdiction to consider Plaintiff's claim. See attachement.

Plaintiff disagree. In today's world, what Plaintiff is seeking for is a legal holding from this court declaring that the Title 21 U.S.C. §§841, 846 had been "unconstitutional enforced" as-it-applied against him.

## II.  AUTHORITY OF THE COURT

This Honorable Court is vested with the jurisdictional authority to consider Plaintiff's claim. This jurisdictional authority is conferred by the Constitution itself, federal statute, and federal rules of civil procedure, rule 5.1. Consequently, this court has jurisdiction pursuant to (1) Art. III of the Constitution, (2) as a court of equity, (3) 28 U.S.C. §1331, and (4) Fed.R.Civ.P. 5.1.

## III.  TIMELINESS OF THIS PETITION

On Jul. 16, 2007, Plaintiff received a copy of the district court's order transfering his civil action to the Southern District

[3]

of New York. Rule 59(e) allows Plaintiff to file a motion for recon-
sideration within 14-days of the order to be reconsider. This current
petition, therefore, has been file in a "timely manner[1]."

### IV.    APPLICABILITY OF FED. RULES OF CIVIL PROCEDURE, 59(e)

### STANDARD FOR GRANTING RECONSIDERATION

The standard for granting ... a motion[for reconsideration] is
stric, and reconsideration will generally be denied unless the moving
party can point to controlling decisions ... that the court overlooked-
matter, in other words, that might reasonably be expected to alter the
conclusion reached by the court. See **Cobel v. Norton**, 355 F.Supp. 2d
**531, 539 (D.D.C. 2005)**(Quoting **Shrader v. CSX Transp., Inc.**, 70 F.3d
**255, 257 (2nd Cir. 1995))**.

### V.    DISCUSSION

Plaintiff disagree with this court assertion that is without
jurisdiction to consider his constitutional claim.

There is no dispute that a federal prisoner who makes a collate-
ral challenge to his conviction or sentence must file a petition pur-
suant to 28 U.S.C. §2255. However, in the instant matter, Plaintiff
had filed a §2255 motion on June of 1998. The district court denied
§2255 on May 28, 2002. See **Aybar v. United States**, No. 98-Civ-6394
**(May 28, 2002, S.D.N.Y.)**(Unpublished opinion).

For the forestated, what Plaintiff contends is that bringing the
current civil action pursuant to 28 U.S.C. §2244(b) will be a factual
futility. Why? Because the AEDPA requires state and federal prisoners

---

Fn. 1  Plaintiff declares under the penalty of perjury 28 U.S.C. §
1746 that the above  fact is nothing but the "true."

[4]

to obtain approval from the Court of Appeals before filing a "second or successive" habeas petition. This approval is **ONLY** to be given in cases in which the petitioner

> (1) relies on a new rule of constitutional law made retroactive by the Supreme Court, 28 U.S.C. §2244(b)(2)(A), or

> (2) relies on facts that could not have been previously discovered through due diligence and that would, if proven, clearly establish that the petitioner was innocent of the underlying offense. 28 U.S.C. §2244 (b)(2)(B).

See, **Calderon v. Thompson**, 523 U.S. 538, 558, 118 S.Ct. 1489, 1502 (1998).

In the instant matter, a constitutional attack to a federal statute does not meet §2255's conditions for filing a "second or successive" motion under §2255 which must invoke the stricter requirements above referenced in Calderon. See **United States v. Smith**, 467 F.3d 785, 786 (D.C. Cir. 2006).

Since this civil action does not meet the stricter requirements mandates by §2244(b), this fact by itself, was an overlooked-matter by this court when procceded to transfer Plaintiff's civil action. Consequently, a review through a habeas corpus ("second or successive motion) of Plaintiff constitutional attack would be fundamentally **unfair** because would leave Plaintiff with effectively **no remedy** for the unconstitutional intrusion of his 5th amendment right violated by the defendants.

What it follows has been recognized long ago by the entire judicial system, "it is a general and indisputable rule that where there is a legal right, there is also a legal remedy by suit, or action of law, whenever that right is invaded." See **Marbury v. Madison**, 5 U.S. 137, 163 (1803). See also, **Bush v. Lucas**, 462 U.S. 367, 103 S.Ct. 2404

[5]

n.10 (1983)(Quoting **Marbury v. Madison,** supra, for the same proposition).

In **Spencer v. Kemma,** as justice Souter explained, that a petitioner does not have a remedy under the habeas statute, it is perfectly clear, that he may bring an action under 42 U.S.C. §1983. Id. 523 U.S. 1, 118 S.Ct. 978, 992 n.8 (1998). See also, **Wallace v. Kato, 127 S.Ct. 1091, 1105 n.3 (2007)**(standing for the same proposition).

The petitioner in Spencer was not in "custody." Here, Plaintiff is still in custody but like Spencer he does not have a remedy under the habeas statute.

Accordingly, since Plaintiff does not have a remedy under §2255, a Fed.R.Cv.P. 5.1, therefore, it is the adequate legal avenue to pursue his constitutional attack for the unconstitutional enforcement as-it-applied of the Title 21 U.S.C. §§841, 846.

Bearing the aforementioned principles of law and facts in mind, what it follows, Plaintiff submits, that

> [L]iberally construed, even though Plaintiff constitutional attack to §§841 and 846 are intertwined with his conviction and sentence, in the instant matter, **the relief sought by Plaintiff it is a legal holding from this Honorable Court declaring that the Title 21 U.S.C. §§841, 846 had been unconstitutional enforced as-it-applied by the defendants.** If Plaintiff prevails on the merits, then and then only, he will moves to the sentencing court in order to seek the full invalidation of his criminal conviction. **Actually, the legal holding sought from this Honorable Court it is of paramount importance and to make such a declaration this court has subject-matter-jurisdiction.**

It is undeniable that the power to remedy an unconstitutional enforcement of a federal statute, to wit: §§841, 846 exists. Again,

[6]

Plaintiff contends that this Honorable Court has subject-matter-juris-

diction over this matter and moreover Plaintiff also is entitled to an

opportunity (Fed.R.Cv.P. 5.1 provides such an opportunity) to attempt

to show that his conviction was invalid. See, **United States v. Morgan**,

**346 U.S. 502, 513, 74 S.Ct. 247, 253 (1954).**

Having concluded that this Honorable Court has jurisdiction to

consider this civil action, Plaintiff summarizes succinctly that,

> [U]nder Art. III of the Constitution, federal
> courts may adjudicate only actual, ongoing
> cases or controversies. To invoke the juris-
> diction of a federal court, a litigant must
> have suffered, ... an actual injury traceable
> to the defendant and likely to be redressed
> by a favorable judicial review.

See **Lewis v. Continental Bank Corp.**, **494 U.S. 472, 477, 110 S.Ct. 1249,**

**1253 (1990)** (cititions omitted).

Furthermore, it is unassailable that:

> [T]he United States District Court for the
> District of Columbia is one of those unique
> federal courst that have a **general jurisdic-
> tion** in law and equity[.] See, **Rice v. Dis-
> abled Am. Veterans**, 295 F.Supp. 131, 135 (D.
> D.C. 1968). See also, **e.g., Western Urn Mfg.
> Co. v. American Pipe & Steel Corp.,** **109 U.S.
> App. D.C. 145, 147-148, 284 F.2d 279, 281-
> 282(1960)** (Courts of District of Columbia are
> open to citizens of each of states, D.C. Code
> 1951, §11-308; 28 U.S.C. §§1332, 1391).

This Honorable Court, therefore, is open to the citizens of any

state who properly invoke its jurisdiction. **Vogel v. Tenneco Oil Co.,**

**276 F.Supp. 1008, 1010-1011 (D.D.C. 1967)** (quoting **Graham v. Brotherhood**

**of Locomotive Firemen & Engimen**, **338 U.S. 232, 236-237, 70 S.Ct. 14**

**(1949)).**

[7]

This Honorable Court should takes heed of the following asser-
tion, "to extraordinaries constitutional violations, extraordinaries
judicial remedies." No person can defend the indefensible, neither the
defendants can enforce a federal statute contrary to Congress' intent
(Section 841(b) mandates that a "mixture or substance containing a de-
tectable amount of cocaine" be present in order to enforce such a sec-
tion. See, Civil Complaint, ¶22, pg. 6) nor federal courts can allow
such unconstitutional enforcement because such courts have a constitu-
tional duty to uphold the U.S. Constitution(a "mental-intent" could
not be regulated by Congress pursuant to the Commerce Clause).

### VI.   CONCLUSION

For the foregoing reason(s), Plaintiff strongly concludes that
his legal theory is not only rational, but "visible to the naked eye",
he prays, therefore, to this Honorable Court to reconsider the transfer
order issued on June 29, 2007 and to reinstate Plaintiff's civil action
in the United States District Court for the District of Columbia.

RESPECTFULLY SUBMITTED,

Dated: July 20 , 2007
       Youngstown, Ohio

BY:
       NELSON R. AYBAR
       Plaintiff-pro se
       Reg.# 32208-054
       N.E. Ohio Correctional Center
       2240 Hubbard Road
       Youngstown, Ohio 44505

## CERTIFICATE OF FILING AND SERVICE

I HEREBY DECLARE pursuant to 28 U.S.C. §1746, and original and true and correct copies of the foregoing **"Motion For Reconsideration Of A Civil Action Transfered To The United States District Court For The Southern District Of New York"** were filed with this Court's Clerk by prepaid first class U.S. mail in sealed envelope addressed to:

                    NANCY MAYER-WHITTINGTON
                    Office of the Clerk
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
                    U.S. Courthouse
                    333 Constitution Avenue, N.W.
                    Washington, D.C. 20001

served to

                    Honorable Henry H. Kennedy
                    United States District Judge
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
                    U.S. Courthouse
                    333 Constitution Avenue, N.W.
                    Washington, D.C. 20001

served also to

                    George W. Bush
                    President of the United States
                    of America
                    White House
                    1600 Pennsylvania Avenue
                    Washington, D.C. 20066

by placing them in the mailing system of CCA-NEOCC, Youngstown, Ohio 44505-3157, on _July 20_____, 2007, pursuant to Houston v. Lack, 487 U.S. 266, 270 (1988).

                    BY: _____
                    NELSON R. AYBAR
                    Plaintiff-pro se
                    Reg.# 32208-054
                    N.E. Ohio Correctional Center
                    2240 Hubbard Road
                    Youngstown, Ohio 44505-3157

**FILED**

JUL 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
NELSON R. AYBAR,                    )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     Civil Action No.    07 1243
                                    )
GEORGE W. BUSH, et al.,             )
                                    )
          Defendants.               )
                                    )
```

<u>TRANSFER ORDER</u>

This matter comes before the Court on review of a *pro se* complaint and application to proceed *in forma pauperis*. Plaintiff is incarcerated in Youngstown, Ohio pursuant to a federal sentence imposed in the Southern District of New York. *See United States v. Aybar*, No. 92-CR-918, 2002 WL 1159686 (S.D.N.Y. May 30, 2002). He alleges that the federal drug statute under which he was convicted is unconstitutional.

A federal prisoner who makes a collateral challenge to his conviction or sentence must file a motion pursuant to § 2255. *Pradeski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999). Such a motion must be made in the sentencing court. *Moore v. Smith*, No. 06-5078, 2006 WL 2036816, at *1 (D.C.Cir. July 6, 2006); *Simmons v. Beshouri*, No. 06-380, 2006 WL 751335, at *1 (D.D.C. Mar. 23, 2006). This Court is without jurisdiction to consider plaintiff's claim. Accordingly, nd it is hereby

ORDERED that the case is TRANSFERRED to the United States District Court for the Southern District of New York. Whether plaintiff should be allowed to proceed *in forma*

*3*

*pauperis* is a matter to be determined by the transferee court.

_Harry Hemel_
United States District Judge

DATE: *629/2007*